UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| ANTHONY CYRIL MARTIN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:13-CV-244-JVB |
| v. | ) | |
| | ) | |
| MARK WENTZ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Anthony Cyril Martin, a *pro se* prisoner, filed two vague complaints which were stricken. He has now filed a second amended complaint which the court screens pursuant to 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 680. "[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations and footnote omitted). "[I]n considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal* at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

Martin alleges that on July 23, 2013, he was involved in an auto accident. According to him, Fort Wayne Police Officers Robert Hollo, Thomas Strausborger, and Derrick DeMorest caused him to crash his vehicle into a utility pole. He alleges that when he exited his vehicle, Fort Wayne Police Officers Chris Hoffman,[1] Jason Fuhrman, Charles Taylor, and Todd Battershell threw him to the ground. He alleges that while on the ground, Fort Wayne Police Officers Robert Hollo, Derrick DeMorest, Thomas Strausborger, Chris Hoffman, Craig Fairchild, and Sam Adams kicked and punched him. He alleges that while on the ground, Fort Wayne Police Officers Todd Battershell, Jason Fuhrman, and Charles Taylor used unnecessary pressure points. He alleges that while on the ground, Fort Wayne Police Officers Stephanie Souther and Angela Reed tazed him several times.

---

[1] Martin did not list Fort Wayne Police Officer Chris Hoffman as a defendant in his amended complaint, but Martin named him in the body of the complaint and described events which by inference can be read to state a claim. Therefore Officer Hoffman will be added as a defendant.

The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). Rather, the question is "whether the totality of the circumstances" justifies the officers' actions. *Graham* at 396. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the perfect vision of hindsight. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. *Id.*, 396. Martin's description of his arrest is sketchy and the officers involved here may well have been justified in using the force that they did. Nevertheless, given the inferences to which he is entitled at the pleading stage of this proceeding, he has stated a Fourth Amendment claim for an excessive use of force during his arrest on July 23, 2013, by Fort Wayne Police Officers Robert Hollo, Thomas Strausborger, Derrick DeMorest, Chris Hoffman, Jason Fuhrman, Charles Taylor, Todd Battershell, Craig Fairchild, Sam Adams, Stephanie Souther, and Angela Reed.[2]

Martin alleges that, after he was taken to the police station for questioning, Fort Wayne Police Officers Mark Wentz, Todd Battershell, and Thomas Strausborger held him without water or access to a toilet for four hours. Martin does not allege that he asked for water or that he suffered any ill effects as a result of this delay. Martin alleges that he asked to use the toilet, but

---

[2] Though Martin has included Fort Wayne Police Officer Gary Hensler in a list of officers he says used excessive force against him, the only activity that he alleges that Officer Hensler participated in was searching his vehicle. This search, which is discussed later in this opinion, does not plausibly allege an excessive use of force and therefore Martin may not proceed on an excessive use of force claim against him.

he does not say when, nor how long he waited after asking. He alleges that at some point he urinated on himself because he was unable to wait. Though delaying his access to a toilet had an unpleasant result, there is no indication that it was objectively unreasonable under the circumstances. Therefore these events do not give rise to a claim against these officers.

Martin alleges that, while being interviewed, Officers Wentz and Battershell hit him in the head. He alleges that Officer Wentz choked him. Martin's description of his interrogation provides few details, but given the inferences to which he is entitled at the pleading stage of this proceeding, he has stated a Fourth Amendment claim for an excessive use of force during his interrogation on July 23, 2013, by Fort Wayne Police Officers Mark Wentz and Todd Battershell.[3]

Martin alleges that Robert Hollo, Thomas Strausborger, Derrick DeMorest, Mark Wentz, Chris Hoffman, Jason Fuhrman, Charles Taylor, Todd Battershell, Craig Fairchild, Sam Adams, Stephanie Souther, Angela Reed, Gary Hensler, and the Allen County Sheriff's Department denied him medical treatment. He does not explain when or how any of these defendants were deliberately indifferent to his need for medical care. In medical cases, the question is whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v.*

---

[3] In connection with this claim, Martin alleges that several unknown officers were also involved. "[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). If through discovery or otherwise he is able to learn the names of these defendants, he may file a motion to amend if he attaches a proposed amended complaint which includes all of the claims against all of the defendants which he seeks to litigate in this case. *See Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999) "[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward . . . [b]ecause a plaintiff's new complaint wipes away prior pleadings . . . ." (citation omitted). *See also French v. Wachovia Bank*, 574 F.3d 830, 835 (7th Cir. 2009). If Martin files a motion to amend, the court will determine whether it is appropriate to permit the amendment. But because retaining the unknown defendants serves no purpose, they will be dismissed.

Martin also includes reference to unknown defendants in connection with other claims as well. For the same reasons, they too will be dismissed without further discussion in this opinion.

4

*Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Here, it is not plausible to infer that any of these defendants were deliberately indifferent because Martin was taken to the jail where he was seen by a doctor and a nurse.

Martin alleges that, after he was taken to the jail, Allen County Jail Head Nurse Jennifer denied him medical treatment by refusing to send him to the hospital and refusing him adequate medical care. "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th

5

Cir. 2000). "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). Here, Martin has not provided any factual details from which it can be determined that he has stated a plausible claim against Head Nurse Jennifer and a "disagreement with medical professionals [does not] state a cognizable Eighth Amendment Claim under the deliberate indifference standard of *Estelle v. Gamble* [429 U.S. 97 (1976)]." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). Martin says that he thought he had a broken bone, but he does not even say whether his suspicions were later confirmed. Moreover, since Martin was examined by the Jail Doctor at the same time, he has not provided any basis for finding that the nurse had any basis for believing that he needed to go to the hospital.

Martin alleges that the City of Fort Wayne has a policy, procedure, or custom which violates his Constitutional rights. "To establish a municipal policy or custom, [the plaintiff] must allege a specific pattern or series of incidents that support the general allegation of a custom or policy." *Hollins v. City of Milwaukee*, 574 F.3d 822, 827 (7th Cir. Wis. 2009). Here, Martin has neither explained what practice the city has adopted, nor described any pattern of events. Though he alleges that the City of Fort Wayne failed to train its employees, he has not provided any factual basis for this claim. "The inadequacy of police training may serve as the basis for § 1983 liability, but only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id.* In sum, these allegations are wholly devoid of any facts or context and they do not plausibly state a claim.

Martin alleges that Fort Wayne Police Officer Mark Wentz filed a false probable cause affidavit to obtain a warrant for his arrest for robbery and resisting arrest which mentioned a red

6

SUV with Indiana plate 964LSM even though he knew that there were no reports of a red SUV having been seen at the robbery. He has not attached the affidavit or the warrant and he makes no mention of how this false statement was relevant to the charge of resisting arrest. Because he has not alleged "that the false statements were necessary to the judicial officers' determinations that probable case existed," *Beauchamp v. City of Noblesville*, 320 F.3d 733, 742 (7th Cir. 2003), to issue a warrant for resisting arrest, he has not plausibly alleged that the warrant was invalidly issued or that he was falsely arrested pursuant to it.

Martin alleges that he was "falsely imprisoned because a 72 hour investigation was commenced which plaintiff was never read no warrant nor was any formal charges read, or presented to plaintiff before the allotted time frame. (7-24-13 [to] 7-29-13)." DE 12 at 7. However, this does not state a plausible claim. The dates provided by Martin imply that he was held for five days before he was charged, but Indiana Code 35-33-7-3(b) provides that "If the prosecuting attorney states that more time is required to evaluate the case and determine whether a charge should be filed, or if it is necessary to transfer the person to another court, then the court shall recess or continue the initial hearing for up to seventy-two (72) hours, excluding intervening Saturdays, Sundays, and legal holidays." Here, July 27, 2013, was Saturday and July 28, 2013, was Sunday. Martin does not say when he was arrested on July 24, 2013. He does not say what time his initial hearing was held. He does not say what time the hearing was continued to on July 29, 2013. The Supreme Court has held that "an individual subjected to a warrantless arrest must receive a probable cause determination within forty-eight hours of the arrest. *See Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 57 (1991). [But t]he Court did not hold that an individual must be charged with a crime within that same forty-eight hour period." *Holloway v.*

7

*Del. County Sheriff*, 700 F.3d 1063 (7th Cir. 2012) (parallel citations omitted). Here, Martin acknowledges that he was arrested pursuant to a warrant. For the foregoing reasons, he has not alleged facts which permit the court to plausibly infer that any defendant falsely imprisoned him in violation of his Constitutional rights.

Finally, Martin alleges that Fort Wayne Police Officers Robert Hollo, Thomas Strausborger, Derrick DeMorest, Gary Hensler, and Charles Taylor searched his car. Martin makes the conclusory allegation that the search was illegal, but he has not provided any factual basis from which it can be plausibly inferred that the search was illegal. "[A]n automobile search incident to a recent occupant's arrest is constitutional (1) if the arrestee is within reaching distance of the vehicle during the search, or (2) if the police have reason to believe that the vehicle contains evidence relevant to the crime of arrest." *Davis v. United States*, 131 S. Ct. 2419 (2011) (quotation marks omitted). Here, Martin does not say what was searched for nor what (if anything) was found. He does not say whether the search occurred while he was within reaching distance of the car. He does not explain why he believes that the search was not related to the crime(s) of his arrest. Therefore he has not stated a claim for an illegal search of his car incident to his arrest.

For the foregoing reasons, the Court:

(1) **DIRECTS** the clerk to add Fort Wayne Police Officer Chris Hoffman as a defendant;

(2) **GRANTS** Anthony Cyril Martin leave to proceed on a Fourth Amendment claim for an excessive use of force during his arrest on July 23, 2013, against Fort Wayne Police Officers Robert Hollo, Thomas Strausborger, Derrick DeMorest,

Chris Hoffman, Jason Fuhrman, Charles Taylor, Todd Battershell, Craig Fairchild, Sam Adams, Stephanie Souther and Angela Reed;

(3) **GRANTS** Anthony Cyril Martin leave to proceed on a Fourth Amendment claim for an excessive use of force during his interrogation on July 23, 2013, against Fort Wayne Police Officers Mark Wentz and Todd Battershell;

(4) **DISMISSES** all other claims;

(5) **DISMISSES** the City of Fort Wayne, Allen County Sheriff's Department, Fort Wayne Police Officer Gary Hensler, Unknown Allen County Correctional Officers, Unknown Allen County Jail Doctor, Unknown Allen County Jail Nurse, and Unknown Allen County Correctional Sargeant;

(6) **DIRECTS** the clerk to transmit the summons and USM-285 for Robert Hollo, Thomas Strausborger, Derrick DeMorest, Chris Hoffman, Jason Fuhrman, Charles Taylor, Todd Battershell, Craig Fairchild, Sam Adams, Stephanie Souther, Angela Reed, and Mark Wentz to the United States Marshals Service along with a copy of the complaint (DE 12) and this order;

(7) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Robert Hollo, Thomas Strausborger, Derrick DeMorest, Chris Hoffman, Jason Fuhrman, Charles Taylor, Todd Battershell, Craig Fairchild, Sam Adams, Stephanie Souther, Angela Reed, and Mark Wentz; and

(8) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Robert Hollo, Thomas Strausborger, Derrick DeMorest, Chris Hoffman, Jason Fuhrman, Charles Taylor,

Todd Battershell, Craig Fairchild, Sam Adams, Stephanie Souther, Angela Reed, and Mark Wentz respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED** on June 4, 2014.

    S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE