UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

ANTHONY CYRIL MARTIN,

    Plaintiff,

    v.

MARK WENTZ, *et al.*,

    Defendants.

CAUSE NO. 1:13-cv-00244-SLC

## OPINION AND ORDER

Anthony Cyril Martin, a prisoner without a lawyer, filed a motion asking the Court to reconsider the screening Order issued June 4, 2014. (DE 186). He states, "after reviewing the CD/DVD's, he has retrieved 'relevant and material evidence that supports [his] claims that were ultimately dismissed by Judge Van Bokkelen, but with the 'now' present documents and facts, the Court cannot ignore or sit idley [sic], but to reconsider plaintiff's claims [de novo]." (DE 186-1 at 2-3 (imbalanced quotation mark and brackets in original except for [sic] to indicate the misspelling of idly)). Specifically, Martin asks the Court to reinstate four claims.

First, Martin argues he has evidence demonstrating the City of Fort Wayne has an unconstitutional policy which violated his rights. He alleges the policy PD97-2301 instructs officers to stop a person without probable cause, reasonable suspicion, or articulatable facts. However, this is not the claim the Court considered when it screened his complaint. Here is how the Court explained the dismissal of the claims against the City of Fort Wayne:

> Martin alleges that the City of Fort Wayne has a policy, procedure, or custom which violates his Constitutional rights. "To establish a municipal policy or custom, [the plaintiff] must allege a specific pattern or series of incidents that support the general allegation of a custom or policy." *Hollins v. City of Milwaukee*, 574 F.3d 822, 827 (7th Cir. Wis. 2009). Here, Martin has neither explained what practice the city has adopted, nor described any pattern of events. Though he alleges that the City of Fort Wayne failed to train its employees, he has not provided any factual basis for this claim. "The inadequacy of police training may serve as the basis for § 1983 liability, but only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id*. In sum, these allegations are wholly devoid of any facts or context and they do not plausibly state a claim.

(DE 13 at 6 (brackets in original)). Martin's attempt to add new facts for his claim against the City of Fort Wayne is not properly considered a motion to reconsider because reconsidering will not change the facts in the complaint that was screened. To add new facts to his complaint would require that he file an amended complaint.

However, it is too late to file an amended complaint to add these facts. Pursuant to the Court's scheduling Order, the deadline for amending pleadings expired on February 11, 2016. (DE 104). As that Order explains, "pursuant to Federal Rule of Civil Procedure 16(b), [the scheduling order] shall not be modified except upon a showing of good cause . . . ." *Id*. Martin alleges his new facts are a result of having reviewed the CD/DVD's obtained in discovery for this case and only recently viewed. However, the copy of policy PD97-2301 attached to his motion (DE 186-2 at 3-8) shows it was sent to him on August 12, 2009, as discovery in *Martin v. Fort Wayne Police Department*, 1:09-CV-074 (N.D. Ind. filed March 23, 2009) (DE 17-4). Martin has not shown good cause for waiting nearly five years to amend his complaint to add facts to his claim against the

2

City of Fort Wayne which he had more than five years before he filed the amended complaint. (DE 12).

Second, Martin asks the Court to reconsider his claim against Officer Mark Wentz for filing a false probable cause affidavit. Here is how the Court explained the dismissal of this claim:

> Martin alleges that Fort Wayne Police Officer Mark Wentz filed a false probable cause affidavit to obtain a warrant for his arrest for robbery and resisting arrest which mentioned a red SUV with Indiana plate 964LSM even though he knew that there were no reports of a red SUV having been seen at the robbery. He has not attached the affidavit or the warrant and he makes no mention of how this false statement was relevant to the charge of resisting arrest. Because he has not alleged "that the false statements were necessary to the judicial officers' determinations that probable case existed," *Beauchamp v. City of Noblesville*, 320 F.3d 733, 742 (7th Cir. 2003), to issue a warrant for resisting arrest, he has not plausibly alleged that the warrant was invalidly issued or that he was falsely arrested pursuant to it.

(DE 13 at 6-7).

Martin now states there was no warrant. He now wants to submit the affidavit. He argues he did not resist arrest and that the officer who arrested him lacked authority to do so because he was in an unmarked police vehicle. These are not the arguments and claims presented in the complaint that was screened. As explained, this is not a basis for reconsidering the screening Order. To consider these new facts and arguments not previously raised, Martin would have to file an amended complaint. But it is too late for that. There is no indication any of these facts, arguments, or documents (DE 186-2 at 12-16) were obtained from the CD/DVD discovery in this case. All of these

3

documents existed in 2013 when those events occurred.[1]  Martin has not shown good cause for waiting nearly five years to amend his complaint to add facts and change the arguments about the false probable cause affidavit which he could have obtained before he filed the amended complaint (DE 12).

Third, Martin asks the Court to reconsider the claim he was falsely imprisoned. Here is how the Court explained the dismissal of this claim:

> Martin alleges that he was "falsely imprisoned because a 72 hour investigation was commenced which plaintiff was never read no warrant nor was any formal charges read, or presented to plaintiff before the allotted time frame. (7-24-13 [to] 7-29-13)." DE 12 at 7.  However, this does not state a plausible claim. The dates provided by Martin imply that he was held for five days before he was charged, but Indiana Code 35-33-7-3(b) provides that "If the prosecuting attorney states that more time is required to evaluate the case and determine whether a charge should be filed, or if it is necessary to transfer the person to another court, then the court shall recess or continue the initial hearing for up to seventy-two (72) hours, excluding intervening Saturdays, Sundays, and legal holidays." Here, July 27, 2013, was Saturday and July 28, 2013, was Sunday.  Martin does not say when he was arrested on July 24, 2013.  He does not say what time his initial hearing was held.  He does not say what time the hearing was continued to on July 29, 2013.  The Supreme Court has held that "an individual subjected to a warrantless arrest must receive a probable cause determination within forty-eight hours of the arrest.  *See Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 57 (1991).  [But t]he Court did not hold that an individual must be charged with a crime within that same forty-eight hour period." *Holloway v. Del. County Sheriff*, 700 F.3d 1063 (7th Cir. 2012) (parallel citations omitted).  Here, Martin acknowledges that he was arrested pursuant to a warrant.  For the foregoing reasons, he has not alleged facts which permit the court to plausibly infer that any defendant falsely imprisoned him in violation of his Constitutional rights.

(DE 13 at 7-8 (brackets in original)).

---

[1] The docket sheet Martin attached was printed on July 13, 2017, but the only entry on the docket after 2013 is "1/21/2016 Case File Destroyed." (DE 186-2 at 16).  Therefore all the relevant docket entries existed in 2013.

4

Martin now states there was no warrant. He now states his dates were wrong. He now wants to include what time events happened. As explained, this is not a basis for reconsidering the screening Order. To consider these new facts, Martin would have to file an amended complaint. Again, it is too late for that. There is no indication any of these facts were obtained from the CD/DVD discovery in this case. All of these facts existed in 2013 when those events occurred. Martin has not shown good cause for waiting nearly five years to amend his complaint to change the facts related to his false imprisonment claim which he could have obtained before he filed the amended complaint (DE 12).

Fourth, Martin asks the Court to reconsider the claim he was unlawfully searched. Here is how the Court explained the dismissal of this claim:

> Finally, Martin alleges that Fort Wayne Police Officers Robert Hollo, Thomas Strausborger, Derrick DeMorest, Gary Hensler, and Charles Taylor searched his car. Martin makes the conclusory allegation that the search was illegal, but he has not provided any factual basis from which it can be plausibly inferred that the search was illegal. "[A]n automobile search incident to a recent occupant's arrest is constitutional (1) if the arrestee is within reaching distance of the vehicle during the search, or (2) if the police have reason to believe that the vehicle contains evidence relevant to the crime of arrest." *Davis v. United States*, 131 S. Ct. 2419 (2011) (quotation marks omitted). Here, Martin does not say what was searched for nor what (if anything) was found. He does not say whether the search occurred while he was within reaching distance of the car. He does not explain why he believes that the search was not related to the crime(s) of his arrest. Therefore he has not stated a claim for an illegal search of his car incident to his arrest.

(DE 13 at 8).

Martin now wants to add additional facts nearly five years after his complaint was screened. As explained several times, this is not a basis for reconsideration. There

5

is no indication the facts he wants to add were obtained from the CD/DVD discovery in this case. He has not shown good cause to modify the screening Order to permit him to file an amended complaint at this late date.

Rather, it is time for Martin to file his response to those portions of the Defendants' summary judgment motion (DE 143) filed July 1, 2016, which addresses his two excessive force claims. Though the Defendants included arguments related to other claims, those arguments are moot because Martin was not granted leave to proceed on them in the screening Order (DE 13).

For these reasons, Martin's motion (DE 186) is DENIED. Anthony Cyril Martin is REMINDED the deadline for filing his response to the Defendants' motion for summary is **May 1, 2019, at 2:00 p.m.** and if he has not done so, "the Court will then reopen the case and set a deadline for Plaintiff to file his response brief [and] that once the Court sets that deadline, he will not be afforded any further extensions for filing his response to the motion for summary judgment." (DE 185 at 2).

SO ORDERED.

Entered this 29th day of April 2019.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge