UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTHONY CYRIL MARTIN, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:13-cv-00244-SLC |
| MARK WENTZ, *Ft. Wayne Police Dept.*, et al., | |
| Defendants. | |

## OPINION AND ORDER

Defendants, by counsel, filed a motion asking the Court to reconsider those portions of the Court's Opinion and Order dated August 21, 2019 ("the Order") (ECF 197), denying their summary judgment motion. Defendants raise two grounds in their motion.

### A. Heck v. Humphrey

First, Defendants argue, "Summary judgment should have been granted as *Heck v. Humphrey* bars Anthony Martin's excessive force claims." (ECF 200 at 3). But Defendants did not raise that argument in their memorandum in support of their summary judgment motion. (ECF 144; *see also* ECF 143). Rather, Defendants argued (in both the section heading and the text), "Martin's unlawful search, unlawful arrest, false arrest, and false imprisonment claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)." (ECF 144 at 11). Though the memorandum includes cases which also involve excessive force issues, the section concludes by explaining:

> Likewise, in this case, Martin is claiming an unlawful search, unlawful arrest, false arrest, and false imprisonment. In order for Martin to prove his claims for unlawful arrest, false arrest, and false imprisonment, Martin would have to show that he was arrested by the defendants without probable cause or a reasonable suspicion.

*Id*. at 14.

In the Order, the Court explained,

> The motion also addresses many claims which are not at issue in this case, including . . . unlawful search, unlawful arrest, false arrest, and false imprisonment claims . . . . To the extent any of these claims were raised by Martin in the amended complaint, they were screened pursuant to 28 U.S.C. § 1915A and dismissed. Therefore it is unnecessary to address those arguments in this Opinion and Order.

(ECF 197 at 1-2) (citations and quotation marks omitted). As such, the Order did not discuss the *Heck v. Humphrey* arguments because they were exclusively focused on claims which were not before the Court.

While Defendants did assert in their reply brief that *Heck v. Humphrey* bars Martin's excessive force claim (ECF 191 at 8-10), "[i]t is well established that arguments raised for the first time in a reply brief are waived." *United States v. Funds in Amount of $220,030.00 in U.S. Currency*, No. 11-cv-7779, 2013 WL 599561, at *3 (N.D. Ill. Feb. 14, 2013) (citing *Citizens Against Ruining the Env't v. EPA*, 535 F.3d 670, 676-77 (7th Cir. 2008)); *see also Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 389 (7th Cir. 2009); *James v. Sheahan*, 137 F.3d 1003, 1008 (7th Cir. 1998). To grant summary judgment on an argument Defendants raised for the first time in their reply brief would be

2

"patently unfair," because Martin had no opportunity to respond to this new argument. *Petri v. Gatlin*, 997 F. Supp. 956, 977 (N.D. Ill. 1997) (citations omitted).

And to the extent that Defendants now seek to expand the scope of their *Heck v. Humphrey* arguments presented in the summary judgment motion, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (citations omitted). As the Seventh Circuit Court of Appeals recently explained, "Though [Defendant] later sought to reverse course in its motion for reconsideration, . . . the district court correctly noted that [Defendant] should have adduced this evidence and advanced this argument in its summary judgment motion. As such, the issue is waived."[1] *Sanchelima Int'l, Inc. v. Walker Stainless Equip. Co., LLC*, 920 F.3d 1141, 1146 (7th Cir. 2019) (citations, brackets, ellipsis, and quotation marks omitted).

Accordingly, the Court will deny Defendants' motion to reconsider the ruling on Martin's excessive force claim.

### B. Qualified Immunity

Second, Defendants argue, "Summary judgment should have been granted as the defendants are entitled to qualified immunity." (ECF 200 at 7). In the summary judgment motion, Defendants raised the defense of qualified immunity, but it was

---

[1] In any event, "[a]s a general proposition, a plaintiff who has been convicted of resisting arrest or assaulting a police officer during the course of an arrest is not per se *Heck*-barred from maintaining a § 1983 action for excessive force stemming from the same confrontation." *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (citation omitted).

3

based on their version of events, not Martin's. (ECF 200 at 7-10). "The [C]ourt cannot resolve disputed issues of fact when it addresses [whether the facts alleged describe a violation of a protected right] because the ordinary rules governing summary judgment apply in that situation." *Mordi v. Zeigler*, 770 F.3d 1161, 1163-64 (7th Cir. 2014) (citations omitted). As explained in the Order, there are disputed facts in this case. Most problematic, Defendants were unable to establish an undisputed timeline for events.

It was established Martin fled in a vehicle. It was established Martin fled on foot. It was established Martin was apprehended and taken to the police station for questioning. Martin alleges excessive force was used against him both in connection with his apprehension and his interrogation. However it is unclear precisely when. (*See* ECF 190 at 3-7). Defendants base their arguments on their timeline of events, but the Court cannot resolve disputed facts on summary judgment.

Martin was ambiguous as to whether he was beaten and tased before he ran, while he was running, when he was first apprehended, or after he was handcuffed and led to a police car. Martin was ambiguous about when and where he alleges being beaten during his interrogation. Defendants could have clarified Martin's sequence of events during discovery and provided that to the Court with the motion for summary judgment, but they did not. Thus, the Court was, and is, left with Martin's assertions in his affidavit that he was beaten and tased when he was passive and not resisting or threatening. (ECF 190 at 3-7). Defendants' qualified immunity argument is not based on those allegations. Defendants do not argue that they would be entitled to qualified

4

immunity based on those allegations. Therefore, there is no basis to reconsider the Order.

### C. Conclusion

For the foregoing reasons, Defendants' motion to reconsider (ECF 200) is DENIED.

SO ORDERED.

Entered the 19th day of September 2019.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge